IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY SMITH, JR., | ) | CASE NO. 1:08 CV 380 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DEB TIMMERMAN-COOPER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of Henry Smith Jr. for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Smith, who is represented here by the Ohio Public Defender,[3] is incarcerated at the London Correctional Institution in London, Ohio, where he is serving concurrent terms of five and three years for robbery.[4]

Although Smith originally raised four grounds for habeas relief,[5] in his traverse Smith has withdrawn his first three grounds,[6] leaving his present petition as one asserting a single ground for relief. In this ground, Smith asserts that his re-sentencing under the sentencing

---

[1] ECF # 4.

[2] ECF # 8.

[3] ECF # 9.

[4] ECF # 1 at 1.

[5] *Id*. at 5-8.

[6] ECF # 19 at 7-8.

scheme created in Ohio by *State v. Foster*[7] violated the *ex post facto* and due process clauses of the Constitution.

In response, as is more fully detailed in previously filings,[8] the State has asserted – and renews its argument – that Smith's petition here should be dismissed because Smith is presently incarcerated under the terms of a 2007 re-sentencing, which was never appealed, and not pursuant to his 2004 conviction or his 2006 re-sentencing, both of which form the bases for his present claims.[9]  In addition to restating its motion to dismiss, the State alternatively contends that Smith's petition should be denied because the state court decision concerning this claim was not an unreasonable application of clearly established federal law.[10]

For the reasons that follow, I initially restate my recommendation that the State's motion to dismiss be denied, and then further recommend that Smith's petition be denied.

## Facts

**A.    Underlying facts/procedural history**

The underlying facts and relevant procedural history were set forth in an earlier report and recommendation related to the State's motion to dismiss this habeas petition on the

---

[7] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[8] *See*, ECF # 8 (State's motion to dismiss); # 11 (Smith's opposition to motion to dismiss); # 13 (order that the motion to dismiss be denied and ordering the State to file a return of the writ addressing Smith's claims); ECF # 14 (return of the writ).

[9] ECF # 14 at 1-4.

[10] *Id.* at 23-39.

grounds that Smith is incarcerated pursuant to a 2007 re-sentencing that was never appealed from in state court.[11] Those facts need not be re-stated here. However, for present purposes, an additional statement of the remaining habeas claim, together with the State's response, is appropriate.

**B.     Federal habeas petition**

*1.     Smith's petition as redacted*

Smith, through counsel,[12] originally raised four grounds for relief.[13] However, in his traverse, Smith withdrew grounds one through three,[14] resulting in a petition before this Court that states the following single ground for relief:

> The state court's application of the remedy articulated by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St. 3d 1, 2006 - Ohio - 856, to Mr. Smith's case contravenes the ex post facto and due process clauses of the federal constitution.[15]

*2.     State's response*

Initially, as discussed in my earlier order, I note here that the State concedes that all these claims are exhausted, having been "presented [to Ohio courts] in direct appeals from

---

[11] ECF # 13.

[12] As noted previously, Smith is represented by the Office of the Ohio Public Defender. That office has represented Smith from the appeal to the Supreme Court of Ohio forward.

[13] ECF # 1 at 5-8.

[14] ECF # 19 at 7-8.

[15] *Id.* at 8. I note that the wording of this ground for relief differs slightly from its original formulation in the petition. *See*, ECF # 1 at 8. The differences, however, are minor and do not represent an amendment of the claim.

either [Smith's] original 2004 sentence or the 2006 re-sentencing."[16] However, the State has re-asserted its motion to dismiss this petition, arguing again that Smith claim is here attacking his original 2004 sentence and 2006 re-sentencing, not the 2007 re-sentencing, which the State claims is the true cause of detention and argues has never been appealed from.[17]

Inasmuch as my earlier decision to deny the State's motion to dismiss was without prejudice to it being reconsidered at the present time,[18] I will consider the State's motion to dismiss again in a subsequent portion of this report and recommendation. There, I will recommend denying the motion.

Next, as to the merits, the State in its return of the writ contends that the remaining claim should be denied because the state court decision rejecting Smith's argument against his first re-sentencing in 2006 was not contrary to, or an unreasonable application of, clearly established federal law.[19]

### 3. *Smith's traverse*

In addition to withdrawing three previously asserted grounds for relief, Smith, in his traverse,[20] raises the same arguments against post-*Foster* sentences that have been made

---

[16] ECF # 8 at 13; *see also*, ECF # 14 at 18 (conceding that the claim was previously presented to Ohio courts, but arguing that it was not "fairly presented.").

[17] ECF # 14 at 1-4.

[18] Non-document order of March 20, 2009.

[19] ECF # 14 at 31-38.

[20] ECF # 19.

numerous times in federal habeas courts in Ohio.[21] Essentially, Smith here initially restates his opposition to the State's motion to dismiss[22] and then argues, as the Public Defender has previously done in other cases, that post-*Foster* sentencing in Ohio violates the *ex post facto* and due process clauses (1) because they eliminated presumptive minimum sentence in Ohio,[23] and (2) because the change put in place by *Foster* was an "unforeseen judicial enlargement of Ohio's statutes."[24]

## Analysis

**1.    The State's motion to dismiss should be denied.**

For the reasons stated in my earlier order, I recommend that the State's motion to dismiss be denied. Nothing that has been argued since alters the foundation for that earlier recommendation, which is now incorporated by reference into this report and recommendation.

---

[21] Many of these arguments have been made, as here, by the Ohio Public Defender. *See*, *e.g.*, *Smith v. Welch*, No. 3:08-cv-2917, 2009 WL 2167863 (N.D. Ohio July 17, 2009). I have collected a partial list of prior cases arising in the Northern District of Ohio where these arguments, from whatever source, have been advanced and rejected by district courts of this district in my report and recommendation in *Sanchez v. Konteh*, No. 3:07-cv-2166, 2009 WL 539710, at * 8 (N.D. Ohio March 4, 2009).

[22] ECF # 19 at 4-6.

[23] *Id*. at 8-11.

[24] *Id*. at 11-14.

**2.     Smith's sole ground for relief should be denied.**

Again, the arguments advanced by the Public Defender have been considered before by other federal habeas courts in Ohio, where they have been uniformly rejected, often by through and well-reasoned opinions. I have recently undertaken in a report and recommendation in *Sanchez v. Konteh* to explain why imposing non-minimum sentences under Ohio's post-*Foster* sentencing structure neither eliminated a presumptive minimum sentence in Ohio nor operates as an unforeseen enlargement of judicial power.[25] Those stated reasons remain operative, and further re-statement would be superfluous. I refer to my earlier exposition in *Sanchez* and incorporate that reasoning by reference.

## Conclusion

Accordingly, for the reasons stated, I recommend first that the State's motion to dismiss be denied and that Smith's petition then also be denied.

Dated:  August 12, 2009                             s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[26]

---

[25] *Sanchez*, 2009 WL 539710, at **8-9.

[26] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).