**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **HENRY SMITH, Jr.,** ) | Case No.  1:08 CV 380 |
| ) | |
| Petitioner, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **DEB TIMMERMAN-COOPER, Warden,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommended Decision of Magistrate Judge William H. Baughman, Jr., issued on August 12, 2009 ("R & R") (*ECF No. 21*).  The Magistrate Judge recommends that the Court deny both Respondent's Motion to Dismiss Petitioner Henry Smith, Jr.'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Habeas Petition") (*ECF No. 8*) and Petitioner's Habeas Petition (*ECF No. 1*).  For the following reasons the Court hereby **ADOPTS** the R & R.

**I.**

Petitioner was convicted in 2004 of robbing an ATM customer and for an unrelated gas station robbery.  *State v. Smith*, No. 04-CA-42M, 2005 WL 544808, at *1 (Ohio App. 9 Dist. March 9, 2005).  Petitioner received concurrent terms of three years for robbing the

ATM customer and five years for robbing the gas station; he also received a mandatory five-year period of post-release control.  *ECF No. 8-1* at 28.

Petitioner directly appealed to the Medina County Court of Appeals on May 28, 2004, raising four assignments of error: 1) ineffective assistance of counsel; 2) the convictions were against the manifest weight of evidence; 3) the trial court erred when it failed to grant Petitioner's motion for mistrial; and 4) Petitioner was prejudiced by statements made during rebuttal closing argument.[1]  *Id*. at 52.  The Court of Appeals affirmed Petitioner's conviction on March 9, 2005.  *ECF No. 8-2* at 114-35.

Petitioner then appealed to the Supreme Court of Ohio, again raising the arguments of ineffective assistance of counsel, failure to grant the motion for mistrial and the prejudicial statements during closing argument.  *ECF No. 8-3* at 196-97.  Petitioner additionally presented a *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), argument that the trial court erred by imposing non-minimum prison terms on a first-time felony offender without the felon admitting or the jury proving beyond a reasonable doubt that the statutory criteria of R.C. §2929.14(B) were met.  *Id*.  Petitioner did not raise the argument that the convictions were against the manifest weight of evidence.  *Id*.  On May 3, 2006, the Supreme Court of Ohio accepted Petitioner's appeal of the *Blakely/Booker* issue only and reversed the Court of Appeals, remanding the case to the trial court for re-sentencing pursuant to *State v. Foster*, 109 Ohio St. 3d 1 (Ohio 2006).  *ECF No. 8-4* at 269.

At re-sentencing, Petitioner moved for and was denied a new trial.  *Id*. at 284-85.

---

[1]Petitioner's appeal was initially dismissed by the Court of Appeals on August 30, 2004 for failure to file an appellant brief.  However, the appeal was reinstated on October 4, 2004.  *ECF No. 14* at 9.

The trial court then re-sentenced Petitioner on July 24, 2006, to the original term of imprisonment. *Id*. at 300-01. Petitioner appealed the denial of his motion for a new trial and his re-sentencing arguing: 1) the trial court erred in imposing nonminimum prison terms on a first time offender in violation of *Blakely* and *Booker*; 2) the trial court violated Petitioner's right to due process and fundamental fairness by adding post-release control in the journal entry of the conviction; and 3) the trial court erred when it denied Petitioner's motion for a new trial because the State's chief investigating officer testified to impermissible matters. *Id*. at 275-76. On June 11, 2007, the Court of Appeals denied the first basis as lacking merit and the third basis on *res judicata* grounds but sustained Petitioner's post-release control argument and remanded the matter for another re-sentencing. *ECF No. 8-5* at 413-26. Petitioner appealed the denial of the first and third grounds but on October 24, 2007, the Supreme Court of Ohio denied leave to appeal on the basis that the appeal did not involve any substantial constitutional question. *ECF No. 8-6* at 443. Meanwhile, on July 17, 2007, the trial court again re-sentenced Petitioner to the original sentence, which Petitioner did not appeal. *ECF No. 11* at 4-5.

Petitioner filed the instant habeas petition on February 14, 2008 raising the following grounds for relief:

1. Henry Smith was denied his right to a fair trial based on the court's refusal to grant a motion for mistrial made after the state's chief investigating officer testified to inadmissible other-acts evidence implicating Smith as a suspect in another unrelated offense. Following the trial court's timely objection and motions for mistrial,

-3-

    the trial court ordered the testimony stricken from the record, and provided the jury with a cautionary instruction regarding the inadmissible testimony.  The trial court's determination that the officer's actions did not constitute intentional misconduct was unreasonable.

2.  The prosecutor engaged in misconduct during his closing argument when he argued that the jury should not render a not guilty verdict as was done in the "O.J." case, and when he asked the jury to close their eyes and put themselves in the shoes of the "white female" victim.  The prosecutor also repeatedly made disparaging remarks about defense counsel.  The prosecutor's closing argument deprived Henry Smith of his right to a fair trial.

3.  Henry Smith was sentenced to serve two nonminimum prison terms.  The trial court was required to make certain mandatory statutory findings before imposing nonminimum prison terms on Smith.  See Ohio R.C. 2929.14(B).  These findings were not made to the jury or admitted by Smith.  The state trial court's reliance on factual findings that were not made by the jury or admitted by Smith to support imposition of nonminimum prison terms contravened Smith's Sixth Amendment right to trial by jury.

4.  The state court's applic*lul*ation of the remedy articulated by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, to Smith's case contravenes the ex post facto clause and due process provision of the federal constitution.  This is so, because the conduct giving rise to Smith's convictions occurred years before the Ohio Supreme Court issued its decision in *Foster*, and the *Foster* severance remedy significantly disadvantages Smith.

*ECF No. 1* at 5-8.

    Respondent ("the State") first moved to dismiss the habeas petition, arguing that

Petitioner is incarcerated based on his 2007 re-sentencing, which he did not appeal and therefore

-4-

did not exhaust, but that his grounds for relief are based on his 2004 conviction and 2006 re-sentencing. *ECF No. 8* at 16-19. The Magistrate Judge denied the State's motion to dismiss without prejudice to reconsideration when the merits of the habeas petition were adjudicated. *ECF No. 13*; *Docket Entry 3/20/09 (Non Document Order)*. Specifically, the Magistrate Judge held that, based on *Burton v. Stewart*, 549 U.S. 147 (2007) and *Bachman v. Wilson*, No. 5:05cv1735, 2007 WL 4553988 (N.D. Ohio Dec. 19, 2007), Petitioner's first two grounds for relief are cognizable because they arise from the judgment pursuant to which Petitioner is incarcerated. Additionally, Petitioner's third and fourth grounds were exhausted after his 2006 re-sentencing and an attempt to raise them again after his 2007 re-sentencing would have been futile and resulted in a likely denial on *res judicata* grounds. *ECF No. 13* at 13-14.

The State then filed a return of writ moving for reconsideration of its motion to dismiss and arguing that the habeas petition should be denied because the state court did not unreasonably apply clearly established federal law. *ECF No. 14* at 23-38. In his traverse, Petitioner dropped his first three grounds for relief, asserting only that his re-sentencing under *State v. Foster* violated the *Ex Post Facto* and Due Process Clauses of the Constitution. *ECF No. 19* at 7-16.

On August 12, 2009, the Magistrate Judge issued the pending R & R recommending that Respondent's motion to dismiss be denied but that the habeas petition also be denied. *ECF No. 21*. The Magistrate Judge concludes that Petitioner's argument, which has been considered and rejected in several instances by this Court, should be denied because the imposition of non-minimum sentences post-*Foster* is not an unforeseen enlargement of judicial power that violates due process. *Id*. at 5-6.

Petitioner filed objections to the Magistrate Judge's R & R on August 26, 2009. *ECF No. 23*. Petitioner argues that the Magistrate Judge erred by concluding that the state court did not unreasonably apply clearly established federal law because the state court's decision is an unexpected and indefensible retroactive application of a judicial construction of a criminal statute that violates the *ex post facto* guarantees inherent in the Due Process Clause. *Id*. at 3-4 (citing *Bouie v. Columbia*, 378 U.S. 347, 354 (1964) and *Rogers v. Tennessee*, 532 U.S. 451, 459-61 (2001)).

## II.

Having reviewed both the Magistrate Judge's thorough and well-written R & R and Petitioner's objections, the Court hereby **ADOPTS** the R&R.  Respondent's motion to dismiss should be denied because Petitioner, as a first-time habeas petitioner, may properly include all claims arising out of the underlying conviction. *Bachman*, 2007 WL 4553988 at *4. Moreover, Petitioner need not have exhausted his claims after the 2007 re-sentencing, as raising the same claims that were exhausted in his 2006 re-sentencing "would be an exercise in futility." *Turner v. Bagley*, 401 F.3d 718, 721 (6th Cir. 2005) (citation omitted).

Petitioner's objections to the R & R should be overruled and his habeas petition denied because the *ex post facto* guarantees inherent in the Due Process clause were not violated. "The *Ex Post Facto* clause, by its own terms, does not apply to courts." *Rogers*, 532 U.S. at 460. However, since "limitations on *ex post facto* judicial decisionmaking are inherent in the notion of due process," *id*. at 456, "courts may not give retroactive effect to " a judicial construction of the criminal statute [that] is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Bouie*, 378 U.S. at 354.  Here, contrary to Petitioner's

objections, due process is not violated because the *Foster* decision, bringing Ohio's sentencing scheme within the United States Supreme Court's mandates, cannot be seen as an "unexpected and indefensible" judicial expansion of a criminal statute. *Rogers*, 532 U.S. at 459. As *Foster* does not violate due process, the state court's application of *Foster* to Petitioner's sentence therefore does not violate due process. Moreover, as the maximum penalty for Petitioner's crimes did not change post-*Foster*, Petitioner had fair warning of the potential sentence he faced, and thus, his right to due process was not violated. *Smith v. Welch*, No. 3:08cv2917, 2009 WL 2167863 at *2-3 (N.D. Ohio July 17, 2009) (Economus, J.); *Smith v. Wilson*, No. 1:08cv845, 2008 WL 4758696 at * 14 (N.D. Ohio Oct. 29, 2008) (Oliver, J.); *McGhee v. Konteh*, No. 1:07cv1408, 2008 WL 320763 at *11 (N.D. Ohio Feb. 1, 2008) (Nugent, J.); *see also United States v. Barton*, 455 F.3d 649, 653-54 (6th Cir. 2006). Finally, assuming *arguendo*, that Petitioner was entitled to a presumptive minimum sentence, habeas relief still would not be appropriate as "[t]he Supreme Court has never held . . . that the retroactive application of a court's statutory construction which results in the loss of a presumption of a minimum sentence is violative of either the *Ex Post Facto* Clause or due process." *Smith v. Welch*, 2009 WL 2167863 at *2-3. Accordingly, Petitioner's objections that the Magistrate Judge erred by concluding that the state court did not unreasonably apply clearly established federal law must be overruled.

### III.

For the reasons discussed, *supra*, the Court hereby **OVERRULES** Petitioner's objections (*ECF No. 23*) and **ADOPTS** the Magistrate Judge's Report and Recommendation (*ECF No. 21*) that both Respondent's Motion to Dismiss (*ECF No. 8*) the Petition for Writ of

Habeas Corpus under 28 U.S.C §2254 and Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 (*ECF No. 1*) be **DENIED**.

        **IT IS SO ORDERED**

                                      */s/ Dan Aaron Polster     September 25, 2009*
                                      **Dan Aaron Polster**
                                      **United States District Judge**